JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JUAN R. LEIVA, Individually and on
Behalf of All Other Persons Similarly Situated

ECF 2008 Civ:_____

                                    Plaintiff,

                                                        **Class and Collection
                                                        Action Complaint and
          -against-                                     Demand for Jury Trial**

FISHER BROTHERS BUILDING SERVICES, INC.
and FISHER BROTHERS FINANCIAL AND
DEVELOPMENT COMPANY, L.P.

                                    Defendants.
----------------------------------------------------------X



RECEIVED
AUG 0 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees, classified by Defendants as drivers and comparable positions with different titles, that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as well as unpaid wages from Defendants for work performed for which they did not receive compensation for all of the hours worked by them and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2. Plaintiff further complains, on behalf of himself on behalf of himself and other similarly situated current and former employees, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as well as for unpaid wages from Defendants for work performed for which they did not receive compensation for all of the hours worked by them, as required by New York Labor Law §§650 et seq., including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of

the Official Compilation of Codes, Rules and Regulations promulgated by the
Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York
State Labor Law).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action
pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental
jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. In addition, the
Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C.
§216(b).

4. Venue is proper in this district pursuant to 29 U.S.C. §1391 as a substantial part
of the events or omissions giving rise to the claims occurred in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.
§§2201 and 2202.

## PARTIES

6. Plaintiff resides in Westchester County, New York.

7. Upon information and belief, Defendant, Fisher Brothers Building Services,
Inc. ("Fisher Building"), is a New York Corporation.

8. Upon information and belief, Defendant, Fisher Building, maintains its
principal place of business at 299 Park Avenue, New York, New York, 10171.

9. Upon information and belief, Defendant, Fisher Brothers Financial and
Development Company, L.P. ("Fisher Financial"), is a New York domestic limited
partnership.

- 2 -

10. Upon information and belief, Defendant, Fisher Financial, maintains its principal place of business at 299 Park Avenue, New York, New York, 10171.

11. Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

12. Each Defendant, either directly or indirectly, has hired and fired Plaintiff; controlled Plaintiff's work schedules and conditions of employment; determined the rate and method of his payment; and kept at least some records regarding his employment.

13. Upon information and belief, Marty L. Edelman is a New York attorney and is of counsel to Paul, Hastings, Janofsky & Walker, LLP ("Paul Hastings"), a law firm that has a principal place of business at 75 East 55th Street, New York, New York, 10022.

14. Upon information and belief, Marty L. Edelman and/or Paul Hastings are attorneys for Defendants, Fisher Building and/or Fisher Financial.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since August 5, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were drivers and comparable positions with different titles and were non-exempt employees within the meaning of the FLSA and who received

no compensation for all of the hours that they worked and/or overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

16. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

17. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

18. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

19. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

  a. whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

  b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

  c. whether Defendants failed to post or keep posted a notice explaining overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

  d. whether Defendants failed to pay the Collective Action Members for all of the hours worked by them as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated there under;

  e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

  f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

  g. whether Defendants should be enjoined from such violations of the FLSA in the future.

20. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

- 5 -

21. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

22. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since August 5, 2002, in the State of New York, to the entry of judgment in this case (the "Class Period"), who were drivers and comparable positions with different titles and non-exempt employees within the meaning of the New York Labor Law and have not been paid for all of the hours worked by them and/or overtime wages in violation of the New York Labor Law (the "Class").

23. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 40 members of Class during the Class Period.

24. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

25. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

- 6 -

27. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

28. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

>  a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;
>
>  b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;
>
>  c. whether Defendants failed and/or refused to pay the members of the Class for all hours worked and/or premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;
>
>  d. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and
>
>  e. whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

29. Plaintiff was a driver employed by Defendants from on or about October, 1997 and is still presently employed by the Defendants (the "time period").

30. As a driver employed by the Defendants, he was assigned to provide exclusive chauffer services to attorney Marty L. Edelman and his family.

31. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

32. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

33. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate as well as wages for work performed for which he did not receive compensation for all of the hours worked by him in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

34. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

35. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

36. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§206(a) and 207(a).

37. At all relevant times, Defendants employed and/or continued to employ, Plaintiff within the meaning of the FLSA.

38. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

39. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for his hours worked in excess of forty hours per workweek as well as wages for work performed for which he did not receive compensation for all of the hours worked by him.

40. As a result of the Defendants' willful failure to compensate Plaintiff, for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek as well as wages for work performed for which he did not receive compensation for all of the hours worked by him, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

41. Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. § 516.4.

42. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff, Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

- 9 -

44. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation as well as unpaid wages from Defendants for work performed for which he did not receive compensation for all of the hours worked by him, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

45. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

47. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek as well as wages for work performed for which he did not receive compensation for all of the hours worked by him in violation of the New York Labor Law and its regulations.

48. Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

49. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, his unpaid wages from Defendants for work performed for which he did not receive compensation for all of the hours worked by him, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1). Plaintiffs waive their rights to statutory liquidated damages pursuant to the New York Labor Law.

- 10 -

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An award of unpaid overtime compensation and unpaid wages from Defendants for work performed for which he did not receive compensation for all of the hours worked by him due under the FLSA and the New York Labor Law;

e.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and unpaid wages from Defendants for work performed for which he did not receive

- 11 -

compensation for all of the hours worked by him pursuant to 29 U.S.C. § 216;

f.    An award of prejudgment and post-judgment interest;

g.    An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

h.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
    August 5, 2008

Jeffrey M. Gottlieb, Esq.

Gottlieb & Associates
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
Attorneys for Plaintiff
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284

- 12 -

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Fisher Brothers & Martin Edelman_ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____    8/4/08    JUAN R. LeiVA
Signature                  Date      Print Name